UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RICHARD ORE COCKER,**

  *Plaintiff*,

v.                                                         Case No.  SA-23-CV-01091-JKP

**BOOMERANG CAPITAL PARTNERS, LLC,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Boomerang Capital Partners's (Boomerang Capital) Motion to Dismiss for Failure to State a Claim. *ECF No. 4*. Plaintiff Richard Ore Cocker did not respond. Upon consideration, the Court concludes the Motion shall be GRANTED. Cocker's causes of action that may be asserted based upon the facts supporting this action are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

### Background

Cocker filed this action in state court, and Boomerang Capital removed it to this Court. The allegations in Cocker's Original Petition and Application for Temporary Restraining Order relate to his default under the terms of a loan agreement and the pending foreclosure on real property scheduled for May 2, 2023. In his Petition, Cocker admits default on the loan agreement and seeks only injunctive relief. Boomerang Capital filed this Motion to Dismiss, and Cocker, who is represented by counsel, failed to respond.

## Legal Standard

**Failure to Respond**

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions to dismiss. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2. Under the circumstances of this case, the Court declines to apply Local Rule 7(d)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of the Motion to Dismiss.

**Motion to Dismiss**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate

"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

Review of the Petition in the light most favorable to Cocker reveals he failed to state a claim upon which relief can be granted. Cocker's request for injunctive relief fails because the foreclosure sale that was scheduled for May 2, 2023 was cancelled by Boomerang Capital. Cocker asserts no other causes of action in his petition. In the absence of a viable substantive cause of action, injunctive relief is unavailable. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, Ltd. 99 F.3d 746, 752 n. 3 (5th Cir. 1996). As such, Plaintiff's claim for injunctive relief must be dismissed.

While a more careful or detailed drafting might overcome the pleading deficiencies, the Court will not provide Cocker another opportunity to amend. Cocker is represented by counsel but did not respond to the Motion to Dismiss. *See Hitt,* 561 F.2d at 608–09.  Counsel for Boomerang Capital complied with this Court's Standing Order regarding Motions to Dismiss pursuant to Federal Rule 12(b)(6) by conferring with Cocker's counsel and providing email notification of the proposed deficiencies in pleading, the basis of its proposed Motion to Dismiss under Federal Rule 12(b)(6), the right to amend the pleading, and the deadlines specified in the Standing Order. Cocker did not file an advisory of intent to amend the pleading nor an amended pleading by the deadline. This notice of deficiency provided Cocker the best opportunity to provide an amended pleading under "the policy of the federal rules." *See Hitt,* 561 F.2d at 608–09.

## Conclusion

Construing the facts as alleged in the light most favorable to Cocker and in consideration of applicable law, Boomerang Capital's Motion to Dismiss is **GRANTED**. Cocker's causes of action that may be asserted based upon the facts supporting this action are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

It is so ORDERED.
SIGNED this 27th day of September, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE